**Luz Maria Sanchez CAJAVILCA, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–71927.

Agency No. A73–925–745.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

Submitted Feb. 17, 2004.**

Decided Feb. 23, 2004.

Luz Maria Sanchez Cajavilca, pro se, Playa Del Rey, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Richard M. Evans, Paul Fiorino, Cindy S. Ferrier, DOJ-U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

### MEMORANDUM***

Luz Maria Sanchez Cajavilca, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

We conclude that a reasonable factfinder would not be compelled to find that petitioner had established past persecution or a well-founded fear of future persecution on account of her actual or imputed political opinion. *See Khourassany v. INS*, 208 F.3d 1096, 1100–01 (9th Cir.2000) (denying asylum relief despite petitioner's repeated, brief detentions by Israeli secret police, where he was never jailed or charged with any crime, and suffered no physical injury); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (denying asylum relief despite minor abuse during single, brief detention, and in the absence of evidence of any continuing interest in petitioner by alleged persecutors).

Because Petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *Khourassany*, 208 F.3d at 1101.

Finally, Petitioner's contention concerning the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.